## Vecchi v. Thomas
*[Cite as 3 AOA 39]*

*Case No. 11872*
*Montgomery County (2nd)*
*Decided May 17, 1990*

*Ronald D. Keener, 129 West Main Street, New Lebanon, Ohio 45345, Attorney for Plaintiff-Appellee.*

*Bobby Joe Cox and William C. Cox, Suite 333, Hulman Building, 120 West Second Street, Dayton, Ohio 45402, Attorneys for Defendant-Appellant.*

FAIN, J.

Defendant-Appellant Tommy Ray Thomas appeals from the trial court's order determining that his child, Christopher Aaron Wells, may be adopted without his consent. Thomas contends that the trial court erred by finding that he failed to provide for the maintenance and support of his child as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. We agree. The trial court found that Thomas had made payments totaling $130.00 through the Bureau of Support during the year preceding the filing of the petition. Because the statutory condition for dispensing with Thomas' consent was not fulfilled, his consent to the adoption was required.

The judgment of the trial court will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

### I

Thomas was adjudicated to be the child's natural father by the Montgomery County Common Pleas Court, Juvenile Division. In the judgment entry of that court, Thomas was ordered to pay child support at the rate of $25.00 per week, through the Montgomery County Bureau of Support.

Vecchi, who subsequently married the child's mother, filed a petition to adopt the child on January 19, 1989. Due to a mistake in the Clerk's office, it became necessary to file an amended petition, which was filed on February 22, 1989.

In his amended petition, Vecchi alleged that it was not necessary to obtain Thomas' consent to the adoption, because Thomas had failed, without justifiable cause, to provide for the child's main-

tenance and support as required by law or judicial decree for a period of at least year immediately preceding the filing of the petition.

A hearing was held on the issue of whether Thomas' consent was necessary. Thomas presented evidence that he had paid a total of $105.00 through the Bureau of Support for the child's maintenance and support for the year preceding the filing of the original petition, and that he had paid $130.00 through the Bureau of Support for the child's support and maintenance during the one year preceding the filing of the amended petition. The fact that Thomas made these payments is not in dispute. However, Vecchi contends, and the trial court held, that these payments did not constitute maintenance and support of the child for purposes of the statutory provision dispensing with parental consent, and that the failure to provide for the child's maintenance and support was not justifiable. Thomas had presented evidence to the trial court to show that he had attempted, without success, to find employment, and that he was essentially unemployable due to drug dependency.

From the trial court's order holding that his consent to the adoption was not required, Thomas appeals.

II

Thomas' sole Assignment of Error is as follows:

"THE PROBATE COURT ERRED AS A MATTER OF LAW WHEN THE COURT FOUND THAT THE REQUIRED CONSENT WAS UNNECESSARY BECAUSE THE COURT'S DETERMINATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Although a natural parent's consent is normally required for the adoption of his child, R.C. §3107.07(A) provides that:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

The dispositive issue in this case is whether the undisputed fact that Thomas made payments through the Bureau of Support totaling $130.00

during the one year preceding the filing of the adoption petition prevents a finding that he failed "to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding *** the filing of the adoption petition ***."

Thomas cites *In re Schoeppner* (1976), 46 Ohio St. 2d 21, for the proposition that the statutory provision dispensing with parental consent to an adoption must be strictly construed to protect the interests of the non-consenting parent.

Thomas then cites two cases from Franklin County:

"*In re Adoption of Salisbury* (1982), 5 Ohio App. 3rd 65, and *In re Adoption of Anthony* (1982), 5 Ohio App. 3rd 50. Both of these cases support the proposition that so long as the parent makes *some* provision for the support of the child during the one year preceding the adoption petition, even though in amounts that are relatively small compared to the support obligation, the statutory condition for dispensing with the parent's consent to an adoption is not satisfied."

In *Salisbury*, the court found that the parent's contribution was "meager," but it was nevertheless sufficient to avoid the statutory dispensation.

Thomas also cites *In re Adoption of Hale* (July 22, 1988), Lake App. No. 12-238, unreported, in which the making of one child support payment in the amount of $50.00, within the one year preceding the filing of the petition, was deemed to be sufficient even though it was less than the amount of one periodic payment of child support as ordered in that case.

Finally, Thomas cites *In the Matter of Adoption of Mohr* (March 25, 1988), Lucas App. No. 64866, unreported, in which the consent of a parent who had failed to maintain and support his child pursuant to a judicial decree was found to be necessary because the parent "did support his child with meager amounts of food, clothing and medical insurance." The court found that this was not a complete absence of support that would trigger the statutory dispensation of consent.

Vecchi cites *In re Adoption of Strauser* (1987), 36 Ohio App. 3rd 232, a Franklin County case. In *Strauser*, the court did not overrule its earlier holdings in *Anthony* and *Salisbury*. In *Strauser*, the court simply held that a parent's purchase of toys and clothes in a value of approximately $133.00, "which gifts to the child were

not requested and which the mother testified provided no real value of support to *** [the child] since the child already had sufficient clothes and toys ***," was not sufficient to avoid the statutory dispensation. In that case, the non-consenting parent also had included the child on his medical insurance policy through his employer, at a cost of $6.00 per month additional premium. However, the court noted that the insurance card had been taken away from the child's mother, that the child had not received any benefit from the plan, and, in fact, that the mother was not aware of the continued existence of the insurance policy.

*In re Adoption of Strauser, supra,* is distinguishable. In the case before us, Thomas paid $130.00 through the Bureau of Support, so that this money was clearly available for the maintenance and support of the child. It was neither superfluous nor unknown to the child's mother.

We conclude that the statute must be construed strictly in favor of the non-consenting parent, as required by *In re Schoeppner, supra,* and that, as so construed, Thomas has not failed to provide for his child's maintenance and support for a period of at least one year immediately preceding the filing of the adoption petition.

Our conclusion is in accord with the rule of *In Re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, construing the companion provision of R.C. 3107.07(A) concerning communication. The Court stated at paragraph 2 of the Syllabus:

"2. Pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption without that parent's consent only if there is a complete absence of communication for the statutorily defined one-year period."

We believe the same rule must be applied to failure to provide maintenance and support. However, a finding by the probate court that the natural parent has made a payment or two during the year in order to frustrate the operation of the statute might not compel the same conclusion. *In Re Adoption of Bovett* (1987), 33 Ohio St. 3d 102, 107, Douglas J., concurring.

The parties also disagree about whether the deficiency in Thomas' support was "without justifiable cause," for purposes of the statute. Since we conclude that Thomas did not fail to provide for the maintenance and support of his child for one year preceding the adoption petition, it is not necessary for us to determine whether the deficiency in the support paid was "without justifiable cause."

Thomas' sole Assignment of Error is sustained.

*Judgment reversed and cause remanded.*

WOLFF, P.J., and GRADY, J., concur.