## In re ADOPTION OF CARLETTI.

[Cite as *In re Adoption of Carletti* (1992), 78 Ohio App.3d 244.]

Court of Appeals of Ohio,
Muskingum County.

No. CA 91–31.

Decided June 15, 1992.

*Brian L. Herzberger,* for appellant.

*Ross L. Johnston,* for appellee.

MILLIGAN, Judge.

The Probate Court of Muskingum County executed a final order of adoption, accompanied by separate findings of fact and conclusions of law, on October 1, 1991, granting the adoption to the current husband of the biological mother, changing the child's name, and terminating parental rights of the natural father, appellant, Ricky L. Jarvis. The biological father appeals assigning three errors:

### Assignment of Error No. I

"The court improperly found that the adoption of Jason Berkley Jarvis was in his best interest over the testimony of the natural mother to the effect that the child should become reacquainted with his natural father prior to being questioned concerning his preference for a father."

### Assignment of Error No. II

"The court erred in ruling on matters not properly before the court by finding that the natural father had failed without justifiable cause to commu-

nicate with the child for a period of at least one year immediately preceding the filing of the adoption petition when this issue was not raised in the petition."

### Assignment of Error No. III

"Where it is shown that the natural father did make a payment for any period in which support was required to be paid during the year immediately preceding the filing of the petition, it is error for the court to find in favor of the petitioner and grant the petition for adoption over the objection of the natural father."

The biological parents were married over the period 1979 to 1981 and Jason, born January 2, 1981, is the only child born during the marriage. Pursuant to a decree of dissolution, custody was granted to the mother subject to reasonable visitation, and child support was fixed at $15 per week. Both parties remarried after the 1983 dissolution of marriage.

The child has lived with his mother and stepfather since their marriage in 1985.

Shortly after the marriage was dissolved, the appellant ceased paying child support and visiting the child. His arrearage as of August 14, 1991, is $5,818.80. He paid no support since 1985.

There was one aborted effort at visitation in 1990 when appellant, while traveling through Zanesville, stopped at the home and was advised the child was in school. No visitation was had. The child has not seen his father since 1985 until the hearing.

Appellant has been employed or receiving workers' compensation since the divorce and was able to provide support. His explanation for failure to communicate or visit was that he felt "frustrated."

When appellant learned of the stepfather's interest in adopting the child, he made a $15 payment to the Bureau of Support on June 13, 1991.

The petition for adoption was executed June 12, 1991, and filed June 26, 1991. On June 27, 1991, appellant made another payment of $25.

The adoption complaint alleges that consent of the natural father is not necessary because the parent has failed without justifiable cause to provide for the maintenance and support of the minor for a period of at least one year immediately preceding the filing of the adoption petition. (Although there is provision for indicating failure to communicate as an additional ground, that portion of the form is not "x'd.") Following the trial, the probate court found that appellant had failed to provide for the maintenance and support as

required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition.

The court also found that appellant failed without justifiable cause to communicate with the child over the required period.

The court concluded that the adoption would be in the best interest of the child by clear and convincing evidence.

## I

■ In addition to signing as a petitioner upon the petition for adoption, the natural mother executed and filed contemporaneously a consent to the adoption, R.C. 3107.06.

During the trial, the mother was repeatedly asked whether she felt it would be in the child's best interest to know his natural father before making the decision he wants to be adopted. The mother continued to respond suggesting that that was up to the child in view of the long period of time when he had not seen his father at all. Finally, she answered affirmatively to the question, "So you think it would be in the child's best interest to know his father before that child can make that decision; is that what you just said?"

Appellant cites no authority for the proposition that this testimony amounts to a revocation or withdrawal of the consent of the natural mother.

Having reviewed the entire transcript, we conclude that the trial court did not abuse its discretion in finding that the adoption was in the best interests of the child.

The first assignment of error is overruled.

## II

■ The error focusing upon the conclusion of failure to communicate is convoluted because: (1) that ground was not pled; (2) no effort was made to amend the complaint to conform to the evidence; and (3) the complaint (and its form) was sequestered from appellant and his counsel prior to and at trial.[1]

---

1. When counsel for appellant called the issue of the petition to the court's attention, he responded: "I reviewed the statute and it seems to me that although it's within the discretion of the court, it would actually constitute a misdemeanor under the statutes of the state of Ohio for my court to give that information to you."

   We find no authority for the proposition that a party to an adoption proceeding is not entitled to a copy of the complaint or petition pre-trial. By like token, no error is assigned to this ruling.

It is clear to us that the failure-to-communicate conclusion is supported by the evidence, and that such evidence and finding is relevant to the question of whether there was justifiable cause for failure to provide support.

We find no prejudicial error in the trial court's conclusion of law and overrule the second assignment of error.

### III

R.C. 3107.07 provides:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

■ Claiming favor of several unreported cases, appellant argues that payment of a single judicially required installment during the preceding year vitiates the exception to the requirement of parental consent, R.C. 3107.07(A).

In *In re Adoption of Anthony* (1982), 5 Ohio App.3d 60, 5 OBR 156, 449 N.E.2d 511, the father made payments to the Bureau of Support for a period of four weeks prior to the filing of the petition seeking the adoption of the minor children. The Court of Appeals for Franklin County, strictly construing the statute to protect the rights of the natural parents (*In re Adoption of Schoeppner* [1976], 46 Ohio St.2d 21, 345 N.E.2d 608, 75 O.O.2d 12), reversed the stepparent adoption.

Thereafter, relying on its prior holdings and *In re Adoption of Rouleau* (Aug. 31, 1984), Ross App. No. 1058, unreported, 1984 WL 5627, where the court found two checks of $15 each, tendered prior to the time the adoption petition was filed sufficient to show compliance with the duty of support, the Court of Appeals for Franklin County in *In re Adoption of Eckstein* (Sept. 12, 1989), Franklin App. No. 89AP–545, unreported, at 7, 1989 WL 104385, concluded that "the $36 payment [received the same day the petition for adoption was filed] was sufficient support within the meaning of the statute." The natural father was obliged by the divorce judgment to pay $35 per week child support.

The posture of the Franklin County Court of Appeals was tangentially examined by the Supreme Court of Ohio in *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919.

In *Bovett,* the court of appeals had reversed a stepparent adoption under circumstances where no support was paid in the preceding year, the obligor was substantially employed for part of the year and unemployed for a three-month period. The appellate court remanded the case to the probate court to determine whether the natural father's failure to pay support during his period of unemployment was without justifiable cause. The Supreme Court reversed the appellate court and reinstated the adoption.

In an effort to clarify both the burden of proof and the burden of going forward with evidence the court held in the syllabus:

"2. Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner.

"3. Under R.C. 3107.07(A), the probate court shall determine the issue of justifiable cause by weighing the evidence of the natural parent's circumstances for the statutory period for which he or she failed to provide support. The court shall determine whether the parent's failure to support the child *for that period as a whole* (and not just a portion thereof) was without justifiable cause.

"4. The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. (*In re Adoption of Masa* [1986], 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph two of the syllabus, followed.)"

The dicta in Justice Douglas' concurring opinion speak directly to the issues in the case *sub judice* and predictably presage the resolution of this issue by the full Supreme Court. Justice Douglas observed that the language of the statute can be equally read to mean that the failure of one or two payments of support during the year would negate the need for consent, pointing out that this would likewise not be fair or equitable even if such limited nonpayment was "without justifiable cause."

Justice Douglas concluded at 33 Ohio St.3d at 107, 515 N.E.2d at 925:

"In short, I think we need to set forth that the probate court is not bound to negate the effect of the statute simply because a natural parent has made a payment or two during the year or has communicated once or twice during the

year. Until this court meets and decides that issue, inconsistent judgments of trial courts and courts of appeals on the question will continue to prevail."

The incongruity of the appellant's argument is further demonstrated by considering a case where there was no court order of support. Can it be seriously argued that a $15 payment during an entire year would constitute provision for the maintenance and support of the child?

We conclude, consistent with the burden of proof and burden of persuasion standards announced in *Bovett, supra,* the probate court does not err when it concludes that a payment of one week support after notice of intention to file an adoption petition and immediately before the petition is filed is not support within the meaning of R.C. 3107.07(A).

Stepparent adoptions are to be distinguished from stranger adoptions (where all parental rights of all biological parents are terminated). However, principles of permanence with respect to a child remain. While recognizing the rights of natural parents, it is also well to focus upon the desirability of permanence in parentage with respect to the child. Here, the only "father" the child has known since 1985 is the petitioner stepfather. Ripening that stepparent relationship into legal parentage, with all the reciprocal rights and responsibilities attendant thereto, can only serve this child's best interests.

We overrule the third assignment of error.

The judgment of the Muskingum County Probate Court is affirmed.

We find our decision to be in direct conflict with the holding of the Tenth Appellate District in *In re Eckstein* (Sept. 12, 1989), Franklin App. No. 89AP–545, unreported, 1989 WL 104385, and certify this cause to the Ohio Supreme Court for resolution pursuant to Section 3(B)(4), Article IV, Ohio Constitution.[2]

*Judgment affirmed.*

GWIN, P.J., and WILLIAM B. HOFFMAN, J., concur.

---

2. Reporter's Note: The order of certification of conflict was not docketed by the parties in the Supreme Court of Ohio.