**In re SERRE.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Probate Division.

No. 1065823.

Decided Feb. 20, 1996.

*Steven H. Slive,* for petitioner.

*Patrick R. Leneghan, Jr.,* for respondent.

JOHN E. CORRIGAN, Judge.

This matter is before the court on a petition to adopt Patricia Marie Serre filed by her stepfather, Michael Serre ("petitioner"). Russell J. Henson ("respondent"), the natural father of the child, has opposed the adoption. Petitioner has alleged that respondent's consent to the adoption is unnecessary pursuant to R.C. 3107.07(A) because respondent failed to support or communicate with the minor child during the year preceding the filing of the adoption petition. A hearing on the issue of consent was held before the court on January 4 and 5, 1996. A transcript of the proceedings was filed with the court on January 30, 1996.

*Facts:*

Michael Serre filed a petition requesting that he be permitted to adopt the minor child, Patricia Marie Serre, on October 17, 1994. Patricia Marie Serre, the natural child of Lisa M. Serre and Russell J. Henson, was born on December 29, 1988. Lisa M. Serre and respondent were divorced on January 16, 1990. The petitioner and Lisa M. Serre were married on October 15, 1993.

Respondent was obligated to pay $60 a week in child support under an order issued by the Cuyahoga County Domestic Relations Court upon his divorce from Lisa M. Serre. The support order was modified in October 1990 to include $25 per week in support arrearages. The record indicates that during the year preceding the adoption petition, respondent made only two partial support payments of $35 each on October 11, 1994 and October 17, 1994.

Respondent was granted supervised visitation privileges with the minor child as set forth in an agreed judgment entry filed on July 17, 1991. The testimony taken at the consent hearing established that respondent did not exercise the visitation rights or have any contact with the minor child during the year preceding the adoption petition. On September 20, 1994, respondent filed a motion to show cause against Lisa M. Serre for failure to comply with the visitation order. Respondent voluntarily dismissed the motion to show cause without prejudice on August 29, 1995.

*Discussion:*

Under R.C. 3107.07(A), consent by a parent to the adoption of his or her minor child by another is not required when the petition for adoption alleges, and the probate court finds, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

■ Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support or communicate with the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner. *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919; *In re Adoption of Lauck* (1992), 82 Ohio App.3d 348, 612 N.E.2d 459.

Petitioner argues that the two partial support payments made by respondent just prior to the filing of the adoption petition are insufficient to require respondent's consent to the adoption. Respondent contends that these payments, though meager, meet the requirement of R.C. 3107.07(A), thus making his consent to the adoption necessary.

Prior case law on the issue of support has held that so long as the parent makes some provision for support during the one year preceding the adoption petition, even though the amounts are relatively small compared to the support obligation, the statutory condition for dispensing with the parent's consent is not satisfied. *Vecchi v. Thomas* (1990), 67 Ohio App.3d 688, 588 N.E.2d 186; *In re Adoption of Salisbury* (1982), 5 Ohio App.3d 65, 5 OBR 161, 449 N.E.2d 519; *In re Adoption of Anthony* (1982), 5 Ohio App.3d 60, 5 OBR 156, 449 N.E.2d 511; *Mohr v. Frost* (Mar. 25, 1988), Lucas App. No. L–87–199, unreported, 1988 WL 36175; *In re Mackall* (Apr. 24, 1985), Medina App. No. 1365, unreported, 1985 WL 10701; *Anthony v. Arick* (May 13, 1982), Franklin App. No. 81AP–907, unreported, 1982 WL 4171. Under the holdings of these cases, respondent's two partial support payments would be sufficient to require his consent to the adoption.

However, there is some authority in Ohio that a finding by the probate court that the nonconsenting parent has made a support payment or two during the year in order to frustrate the operation of R.C. 3107.07 would not compel the same result. This proposition appears to have originated in Justice Douglas's concurring opinion in *Bovett,* where he stated:

"[T]his case presents us with an opportunity to decide what the language of the statute means concerning support and/or communication during the critical one-year period. * * * What specific guidance needs to be given, however, is whether the making of one payment of support during the year or the sending of a Christmas card is enough to frustrate the operation of the statute. Certainly, the legislature could not have meant such a result. * * * Thus, the determination must be left to the trial judge who can view the entire spectrum of events and the rights, duties and responsibilities of all the parties appearing in the case.

"In short, I think we need to set forth that the probate court is not bound to negate the effect of the statute simply because a natural parent has made a payment or two during the year. * * *" *Bovett,* 33 Ohio St.3d at 107, 515 N.E.2d at 924–925.

Thus far, the Ohio Supreme Court has not set forth a definitive guideline on this issue. However, several Ohio appellate courts have followed Justice Douglas's reasoning, ruling that a payment made by a nonconsenting parent just prior to the filing of the adoption petition does not negate the operation of R.C. 3107.07(A). Shortly after *Bovett* was decided, the Licking County Court of Appeals held that a natural father's consent to an adoption was not needed where, except for a single payment made just prior to the adoption petition, the natural father had no justifiable reason for not providing support. *In re Adoption of Thomas* (Dec. 22, 1987), Licking App. No. CA–3311, unreported, 1987 WL 33014.

The Muskingum County Court of Appeals ruled that a payment of a single judicially required installment during the year preceding an adoption petition did not vitiate the exception to the requirement of parental consent under R.C. 3107.07(A). *In re Adoption of Carletti* (1992), 78 Ohio App.3d 244, 604 N.E.2d 243. Although the natural father in *Carletti* had been able to provide support, he made a single support payment of $15 only after he learned of the stepfather's interest in adopting his child. Relying on Justice Douglas's concurrence in *Bovett,* the appellate court ruled that a payment of one week's support made by the respondent after notice of intention to file an adoption petition and immediately before the petition was filed was not support within the meaning of R.C. 3107.07(A). *Id.* at 250, 604 N.E.2d at 247.

The Trumbull County Court of Appeals ruled that a natural father's consent was not needed where the father had paid only $65 toward the support of his minor daughter during the one-year period preceding the adoption petition. *In re Adoption of Cline* (1993), 89 Ohio App.3d 450, 624 N.E.2d 1083. Emphasizing the natural father's moral and legal obligation to support his child, the appellate court indicated that despite financial hardship, the natural father had some discretionary income that he could have used to support his child. In light of this

fact, the court ruled that the natural father had failed without justifiable cause to support his child for the one-year period under R.C. 3107.07(A). *Id.* at 455–456, 624 N.E.2d at 1086–1087.

This court is persuaded by Justice Douglas's concurrence in *Bovett* and by the reasoning of *Thomas, Carletti,* and *Cline* that a nonconsenting parent should not be permitted to thwart the operation of R.C. 3107.07(A) merely by making one or two token support payments just prior to the filing of an adoption petition. Although we must strictly construe the language of R.C. 3107.07(A) in order to protect the interests of the natural parent, the court should not have to adopt a construction so strict as to turn the statute into a sham. See *Bovett,* 33 Ohio St.3d at 106, 515 N.E.2d at 923–924.

Under the modified support order, respondent was obligated to pay about $340 per month, or $4,080 a year, in child support. During the hearing, William Lavin, the minor child's guardian *ad litem,* testified that respondent had earned $5,940 during 1994. While respondent's income was obviously not enough to permit him to make full payments, he nevertheless earned some money that he could have paid toward child support. However, the amount he actually did pay, $70, was only about one percent of the income he earned and was paid within a week of the filing of the adoption petition. Moreover, respondent made no attempt to seek a modification of the support order to reduce the amount he was obligated to pay.

Since the petitioner has offered competent, credible evidence to demonstrate respondent's failure to support without justifiable cause, the burden of going forward with the evidence now shifts to the respondent to show some facially justifiable cause for such failure. *Bovett,* 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph two of the syllabus. The respondent did not appear in court on the second day of the hearing and, thus, did not offer any testimony on this issue. Respondent's counsel failed to adduce any other testimony that would demonstrate a justifiable reason for failure to provide support. The court does not accept respondent's argument that his income was so low that he could not make any support payments. While the court acknowledges that some parents suffer legitimate financial hardships which prevent them from complying with support orders, we cannot encourage a policy which permits a parent to avoid good-faith attempts in complying with support orders. A parent's proper course of action in such case is to seek a modification of the support order.

Therefore, respondent has failed to rebut the evidence offered by petitioner on this issue. Accordingly, the court finds that petitioner has established, by clear and convincing evidence, that the respondent has failed to support the minor child

without justifiable cause for the one-year period prior to the filing of the adoption petition.

Next, the court must determine whether the respondent failed to communicate with the child without justifiable cause during the requisite one-year period. In 1991, Lisa M. Serre and respondent entered into an agreement which set forth a schedule for supervised visitation by respondent with the minor child. Under the agreement, Mrs. Serre was responsible for transporting the child to and from the place set for visitation. Mrs. Serre testified that during the year prior to the adoption petition, she did not take the child to the place set for visitation because the respondent did not request it. The visitation agreement, however, does not require respondent to make such a request.

Respondent did not use any other means to contact the child during the one-year period. According to Mrs. Serre, respondent was able to contact her and the child at her mother's address, which she used as her permanent mailing address. Prior case law has held that cards and gifts sent at birthdays are communications which preserve a parent's rights regarding consent to adoption. *In re Adoption of Hupp* (1982), 9 Ohio App.3d 128, 9 OBR 192, 458 N.E.2d 878. In this case, respondent did not even attempt to maintain communication through this route. Respondent's motion to show cause to enforce his visitation rights, filed in September 1994, does not constitute a communication with the child.

Since the petitioner has offered competent, credible testimony showing a failure to communicate without justifiable cause, the burden of going forward shifts to the respondent to show some facially justifiable cause for such failure. Significant interference by a custodial parent with communication between the child and the noncustodial parent, or significant discouragement of such communication, is required to establish justifiable cause for the noncustodial parent's failure to communicate with the child. *In re Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613. As noted previously, respondent did not appear in court on the second day of the hearing and, thus, did not offer any testimony on this issue.

Mrs. Serre testified that she concealed her residence from respondent because he had threatened her and physically abused her in the past. Mrs. Serre's concerns for her safety are corroborated by a police report filed by her against respondent for domestic violence in 1992. Thereafter, the parties entered into the agreement for supervised visitation which provided that Mrs. Serre would arrive and leave the place set for visitation at specified times when she would not meet respondent.

Respondent also asserted that Mrs. Serre concealed the child's whereabouts from him by registering her in school under the petitioner's surname. Although

Mrs. Serre admitted that she had done so, this action did not preclude respondent's ability to contact his child by using the address of Mrs. Serre's mother. Therefore, respondent has not offered any evidence to show justifiable cause for failing to communicate with his child.

Accordingly, the court finds that petitioner has proven, by clear and convincing evidence, that respondent failed to support and communicate with his child during the year preceding the filing of the adoption petition. Therefore, respondent's consent to the adoption of Patricia Marie Serre is not required under R.C. 3107.07(A).

IT IS SO ORDERED.

*Judgment accordingly.*