OPINION
Appellant, George Edward Barrett, Jr., appeals the decision of the Clermont County Court of Common Pleas, Probate Division, finding that his consent is unnecessary in the adoption of his son, Blake Edward Barrett, by appellee, Joseph G. Myers.
Blake was born on June 8, 1996. At that time, George and Blake's mother, Jennifer Myers, were living together. George and Jennifer separated in February 1997, and Jennifer later married Joseph in October 1997. After George and Jennifer separated, Blake continued to live with Jennifer.
In late 1996, as part of domestic violence dispute, George was ordered to pay approximately $47 per week support for Blake, and he was granted visitation from 12:00 p.m. to 8:00 p.m. on Saturdays. At that time, George made no support payments, believing such were unnecessary so long as he and Jennifer lived together with Blake. After George and Jennifer separated, George made only two payments of $50, in September and December 1996, under this order.
In 1997, George filed a request for a paternity test. After paternity was established, a new support ordered was entered in April 1998 directing George to pay $236 per month. George received no visitation rights under this order, such being left for subsequent action. George sought to object to the order by complaining to the Child Support Enforcement Agency, but he undertook no court action. He sought Legal Aid representation, but Legal Aid claimed that a conflict might arise because it was representing George's mother in an action for grandparent visitation with Blake. Under the April 1998 support order, George made one payment of $50 in December 1998.
Throughout this time, criminal proceedings against George were also taking place. In 1997, he was convicted of felonious assault and placed on probation. In January 1999, George was jailed for a probation violation. He remained in the county jail until April 1999 when he was sentenced and transferred to prison. After that time, George's support obligation was reduced to $51 per month due to his incarceration.
On May 13, 1999, Joseph filed the instant petition to adopt Blake, alleging that George's consent was unnecessary because George had unjustifiably failed to communicate with or support Blake in the previous twelve months. A hearing was held on January 13, 2000 at which George, Jennifer, Joseph, and George's mother testified. The parties submitted written arguments to the court. George was still imprisoned at the time of the hearing.
In September 2000, the trial court filed a decision finding that George's failure to communicate with Blake was justified due to hostility between George and Jennifer. As to George's failure to support, the trial court found: "While there may be justifiable cause for his failure to support during the four month period of incarceration, I find there is no justifiable cause for the remaining eight months of the year prior to May 13, 1999." The trial court ruled that George's consent to adopt was unnecessary. By a simultaneously filed separate entry, the trial court granted Joseph's petition to adopt. George appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE RESPONDENT'S CONSENT TO THE ADOPTION WAS NOT REQUIRED IN ORDER FOR THE ADOPTION TO PROCEED.
George contends that Joseph failed to present clear and convincing evidence that George's failure to support Blake was unjustified. George argues that the trial court erred in its final decision because it found that his failure to support Blake while incarcerated was not justified.
R.C. 3107.07 provides:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
The party petitioning to adopt a child must prove either a failure to communicate with or a failure to support the child by the natural parent for one year immediately preceding the adoptive petition. In the case of a failure to support, the petitioning party must demonstrate by clear and convincing evidence that the natural parent has failed to support the child for at least one year and that this failure was without justifiable cause. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. Once the petitioning party makes this showing, the natural parent must provide "some facially justifiable cause for such failure." Id. at paragraph two of the syllabus. A probate court's determination that a natural parent has failed to support his child and that there was no justifiable cause for this failure may not be reversed by a reviewing court unless that determination is against the manifest weight of the evidence. Id. at paragraph four of the syllabus.
When determining a failure to support, the probate court should look to the entire duration of the failure to support, rather than only a single period within the preceding year. Id. at 106. Thus, the trial court must inquire "whether the [natural] parent's failure to support the child forthat period as a whole (and not just a portion thereof) was without justifiable cause." Id. at paragraph three of the syllabus. While incarceration may provide justification for non-support in some circumstances, it is not automatically a reason justifying a failure to support. Incarceration, when combined with other factors and viewed under the totality of the circumstances, may lead to a finding of unjustified failure to support, especially where the incarceration is due solely to the actions of the natural parent. See In re Peters (Sept. 5, 2000), Warren CA2000-03-027, unreported, at 4-5.
In the past, this court has stated that "[a]ny contribution towards child support, no matter how meager, satisfies the maintenance and support requirements of R.C. 3107.07(A)[.]" In re Little (Sept. 2, 1997), Butler App. No. CA97-03-067, unreported, at 5, quoting Celestinov. Schneider (1992), 84 Ohio App.3d 192. Other appellate districts have disagreed, instead holding that a negligible support payment should not thwart an adoption where the natural parent has consistently and unjustifiably failed to support his child. This second proposition arises from Justice Douglas' concurrence in Bovett, wherein he stated:
 This case presents us with an opportunity to decide what the language of the statute means concerning support and/or communication during the critical one-year period. * * * What specific guidance needs to be given, however, is whether the making of one payment of support during the year or the sending of a Christmas card is enough to frustrate the operation of the statute. Certainly, the legislature could not have meant such a result. * * * Thus, the determination must be left to the trial judge who can view the entire spectrum of events and the rights, duties and responsibilities of all the parties appearing in the case.
In short, I think we need to set forth that the probate court is not bound to negate the effect of the statute simply because a natural parent has made a payment or two during the year.
Bovett, 33 Ohio St.3d at 107.
Numerous courts have followed Justice Douglas' reasoning.
See In re Adoption of Kilbane (1998), 130 Ohio App.3d 203; In re Adoptionof Wagner (1997), 117 Ohio App.3d 448, discretionary appeal not allowed,78 Ohio St.3d 1516; In re Adoption of Knight (1994), 97 Ohio App.3d 670;In re Adoption of Cline (1993), 89 Ohio App.3d 450; In re Adoption ofCarletti (1992), 78 Ohio App.3d 244; In re Adoption of Thomas (Dec. 22, 1987), Licking App. No. CA-3311, unreported; In re Serre (1996),77 Ohio Misc.2d 29.
The effect of Justice Douglas' reasoning is far more persuasive than the view endorsed in Celestino. Under Justice Douglas' approach, the natural parent must make a recognizable contribution or attempt to contribute to his child's support and maintenance, rather than only a token payment or two. This approach encourages a substantive relationship with and support of one's child. Of course, should the natural parent demonstrate a legitimate inability to pay or to make more than negligible payments, rather than an unwillingness to do so, the natural parent's failure to support his child may be otherwise justified.
We thus overrule Little and disapprove of the Celestino standard. We hold that where a natural parent makes only negligible support payments, but that parent is fully capable of providing more than token support to his child, the trial court may find that the parent unjustifiably failed to support his child.
The trial court found that George has failed to support Blake during Blake's entire life, with George making only three payments during Blake's lifetime. The trial court stated:
 With respect to his failure to support the evidence shows he [George] made one support payment of $50.00 on December 15, 1998. Respondent [George] testified he worked for a relative doing construction work but received no pay because the contractor was not paid. This so-called employment was during the summer of 1998. In August of 1998 he took off and "went to Kentucky" and remained there most of the remainder of the year 1998. There is no evidence of employment or seeking employment while in Kentucky. He was imprisoned in January, 1999, and remains incarcerated until this date.
While there may be justifiable cause for his failure to support during the four month period of incarceration, I find there is no justifiable cause for the remaining eight months of the year prior to May 13, 1999.
The trial court correctly stated that incarceration may justify George's failure to support Blake for a portion of the one year preceding Joseph's petition. But, the trial court's entry is unclear as to the effect of George's incarceration. This court cannot discern if the trial court concluded that George's incarceration justified his failure to support Blake or if the trial court determined otherwise. Nor did the trial court provide any indication of whether George's minimal support payment was only a token payment or a payment of substance.
Due to the ambiguities in the trial court's decision, we must vacate that judgment and remand the cause. The trial court must reconsider its decision in light of the above standards and clarify whether George's failure to support Blake was justified by his incarceration and whether his single minimal support payment in December 1998 preserved his parental rights. The assignment of error is sustained.
Judgment vacated and remanded for proceedings consistent with this opinion.
 _________________________ YOUNG, J.
POWELL, P.J., and VALEN, J., concur.