JOURNAL ENTRY AND OPINION
Appellant, James T. Hauff, is appealing the order of Probate Division, finding that his consent was not required for the adoption of Heidi Elizabeth Seaman. Appellant is the natural father of Heidi. For the following reasons, we reverse and remand.
Heidi was born on September 3, 1992, as issue of the marriage of appellant and Laura R. Hauff. In 1992, Laura and appellant lived with Laura's mother in Cleveland, Ohio.
Appellant and Laura Hauff were divorced on November 22, 1995. Laura was given custody of Heidi. Appellant was required to pay $50 per month in child support. The journal entry of divorce granted visitation to appellant. Appellant never submitted proof that he completed the class required for visitation.
Laura stayed with her mother for six months after the divorce. In May of 1996, Laura moved to Washington State. She did not notify the court or appellant of the move. Laura Hauff married Jonathon Paul Seaman in December, 1996.
In April, 1998, Laura moved back to her mother's home in Cleveland. She stayed there for three months, and then moved to Parma. The Parma address and phone number were unlisted. She did not inform appellant or the court of either move. On December 22, 1999, Jonathon Seaman filed a petition to adopt Heidi.
Laura testified that appellant did not contact her or the child any time after the divorce. Laura's mother, Barbara Garrett, testified that early in 1996, appellant called once at 2:00 a.m. Appellant came to the house once before May, 1996, but he did not ask to see Heidi. Barbara continued to live in the same house, but appellant never contacted her again.
Appellant testified that after the divorce, he called Barbara Garrett's home every day. Laura's mother and brother said that Laura was not available. Appellant went to Barbara Garrett's home about ten times, but no one answered the door.
Appellant testified he did not communicate with Heidi between December 1998 and December 1999 because he did not know her whereabouts. He called Laura's parents' house numerous times, but they did not reveal Heidi's location. Appellant received a demand for support from Washington State in early 1999. He contacted the support agency in the State of Washington, but they would not reveal Laura's address.
Appellant employed U.S. Search Company to locate his daughter. On August 24, 1999, U.S. Search gave appellant a list of possible addresses, one of which was the address in Parma where Heidi lived. Appellant did not actually discover his daughter's whereabouts until some time after December, 1999.
Appellant submitted a document entitled CSMS Support Order Financial Audit Trail Inquiry. From December 22, 1998 to December 22, 1999, appellant made ten support payments. Two of these payments, in the amount of $1,038 and $272, were tax payments made by appellant, which were intercepted by the Child Support Enforcement Agency. The other eight payments were twice monthly payments of $23.54 that came from employer checks.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO SUPPORT HIS DAUGHTER WITHIN THE YEAR IMMEDIATELY PRECEDING THE STEP-PARENT ADOPTION PROCEEDING WHERE THE UNDISPUTED EVIDENCE INDICATED THAT HE MADE ELEVEN SEPARATE CHILD SUPPORT PAYMENTS DURING THAT PERIOD WHICH WERE GREATER THAN HIS CHILD SUPPORT
OBLIGATION FOR THAT SAME PERIOD.
A parent's consent for adoption is not required if the parent has failed without justifiable cause to do the following for a period of one year prior to the filing of an adoption petition: (1) communicate with the child; or (2) to provide for the maintenance and support of the child as required by law or judicial decree. R.C. 3107.07. If the petitioner proves either failure to communicate or failure to support, consent is not required. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361. The petitioner must prove by clear and convincing evidence: (1) failure to communicate or support within the one year period and (2) lack of justifiable reason for the failure. In re Adoption of Bovett (1987),33 Ohio St.3d 102.
The Probate Court found that appellant did not provide support. The court's judgment entry states that the payments obtained from the IRS do not count, because they are involuntary. Even if the tax payments are not considered, there were eight bi-monthly payments of $23.54 made via employer checks. A few token payments can not thwart the operation of R.C. 3107.07(A). See in re: Adoption of Kilbane (1998),130 Ohio App.3d 203; In re Adoption of Cline (1993), 89 Ohio App.3d 450; In re Serre (1996), 77 Ohio Misc.2d 29 . In this case, the employee checks constituted 31% of the annual child support obligation and were more than a minimal or token payment. The finding that appellant did not support his daughter one year prior to the petition for adoption is not supported by clear and convincing evidence. See Holcomb, supra.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT FAILED TO COMMUNICATE WITHOUT JUSTIFIABLE CAUSE WITH HIS DAUGHTER WITHIN THE YEAR IMMEDIATELY PRECEDING THE STEP-PARENT ADOPTION PROCEEDING, WHEN THE EVIDENCE AT TRIAL INDICATED THAT THE CHILD'S MOTHER AND OTHER FAMILY MEMBERS MADE SIGNIFICANT INTERFERENCE WITH, AND EVEN SABOTAGED, HIS COMMUNICATION ATTEMPTS.
It was undisputed that appellant did not communicate with Heidi from December, 1998 to December, 1999. Appellant claimed he had justifiable cause for the failure to communicate, because he did not know where Heidi was living. Heidi was living at an unlisted address in Parma. Further, appellant did not know Laura's new married name.
If the custodial spouse moves without leaving a forwarding address, does not inform the other spouse of the move, and the address can not be discovered without a substantial investigatory effort, then the non-custodial parent may have justifiable cause for failing to communicate. Holcomb, supra. Appellant had set forth a justifiable reason why he could not communicate with the child. Appellee then had the burden to show appellant did not have justifiable cause for the failure to communicate. In re Adoption of Bovett (1987), 33 Ohio St.3d 102. Appellee did not show that appellant was able to locate the child without a substantial investigatory effort.
The trial court's journal entry states that appellant could have sent mail to the child at the grandmother's address. There was no evidence Laura used her mother's address as a permanent mailing address while she lived in Parma. Cf. Serre, supra. The trial court made no finding that appellant could have discovered the child's address from the grandmother. The grandmother did not testify that she would have provided the address, if asked. In fact, the evidence indicated there was animosity between appellant and the grandmother. Appellee did not meet its burden to show lack of justification for the failure to communicate.
Accordingly, this assignment of error is sustained.
The decision of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND KENNETH A. ROCCO, J., CONCUR.