OPINION *Page 2 
{¶ 1} Appellant Michael Noel appeals the probate decision of the Belmont County Common Pleas Court which found it unnecessary that he consent to his daughter's adoption by her stepfather, appellee Richard Morris. The issue in this expedited appeal is whether appellant failed without justifiable cause to provide for the maintenance and support of his daughter for a period of at least one year immediately preceding the adoption petition. This is a question regarding the manifest weight of the evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On February 22, 2008, appellee filed a petition to adopt his ten-year-old step-daughter, who had been living with him since he married the child's mother in 2002. Appellee alleged that appellant's consent was not required because appellant failed to provide maintenance and support in the past year. A hearing proceeded before the court on May 16, 2008.
 {¶ 3} The child's mother testified that appellant has never paid child support. (Tr. 6, 10). Appellee then specified that his household has not received any support from appellant in the twelve months prior to the filing of the action. (Tr. 14). It was established that the last time appellant spent any money on the child was also the last time he visited her in 2003. (Tr. 14, 16). Appellant admitted this and conceded that he provided no support in the one year before the filing of the petition. (Tr. 20).
 {¶ 4} Appellant testified that he was in prison in Alabama for possession of marijuana from December 15, 2005 until January 8, 2007; although, his mother stated that the offense was a misdemeanor. (Tr. 23, 27). He claimed that he could not find a job and blamed this on perceived prejudice against applicants who need a court's seek-work form to be signed. (Tr. 21-22). Appellant disclosed that he was denied Social Security Disability but claimed that denial was pending on appeal. (Tr. 18). Appellant then testified that he made payments of $5 and $10 to the Child Support Enforcement Agency (CSEA) in the two months prior to the hearing (but after the filing of the petition). He said he had receipts in the car, but he never produced them. (Tr. 20-22). *Page 3 
 {¶ 5} Appellant's mother testified that appellant lives with her and that he has ADHD and some back problems. She stated that she has seen him apply for jobs and that he cuts grass and does odd jobs. (Tr. 25, 32). She disclosed that appellant recently earned $20 cutting her neighbor's grass and thought he sent this to CSEA; although, in comparing this to appellant's testimony, it appears that appellant did not send the entire amount as she believed. (Tr. 25). It was also established that appellant had been found in contempt for failure to pay support in the amount of $71.46 per month; his income had been imputed at $9,000 per year in the underlying action. (Tr. 36).
 {¶ 6} After hearing this testimony, the trial court concluded that appellant failed without justifiable cause to provide for the maintenance and support of the child as required by law or judicial decree for a period of one year immediately preceding the filing of the adoption petition. Thus, the court excused appellant from the courtroom and proceeded to the second phase of the proceeding which ended with the court allowing the adoption. The court memorialized its holding in a June 5, 2008 judgment entry. Appellant filed timely notice of appeal.
 GENERAL LAW {¶ 7} Pursuant to R.C. 3107.07(A), consent to adoption is not required of a parent of a minor when:
 {¶ 8} "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 9} Due to the serious nature of an adoption without parental consent and the resulting termination of parental rights, there must be clear and convincing evidence of this statute's requirements in order to bypass parental consent to adoption. In re Adoption of Bovett (1987),33 Ohio St.3d 102, 104. Clear and convincing evidence is a measure of proof that will produce a firm belief in the mind of the fact-finder as to the allegations sought to be established. State v. Eppinger (2001),91 Ohio St.3d 158, 164. It is more than a mere preponderance of the evidence, but it *Page 4 
does not require certainty beyond a reasonable doubt as in criminal cases. Id. As such, clear and convincing does not mean clear and unequivocal. Id.
 {¶ 10} In an adoption action such as this, it is the petitioner who bears the burden of proof. Bovett, 33 Ohio St.3d at 104. Still, after the petitioner shows a lack of support, the parent whose rights are being bypassed has the burden of going forward with evidence justifying the lack of support. Id. In evaluating the parent's reasons for non-support, it is not enough to show that there was justifiable cause for merely a portion of the one-year statutory period. Id. at 105-106. Rather, the "court's inquiry must encompass the entire duration of the failure." Id. (upholding a trial court's decision that a three-month period of unemployment is an insufficient reason for non-support).
 {¶ 11} The court's decision on these matters will only be reversed on appeal if it was contrary to the manifest weight of the evidence. Id. at 106. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court on manifest weight grounds. See State v. Schiebel
(1990), 55 Ohio St.3d 71, 74 (specifying this standard of review even where clear and convincing is the standard of proof). In reviewing a trial court's weighing of competing evidence and credibility determinations, we are guided by a presumption that the trial court's factual findings are correct. State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, ¶ 24. This is due in part to the fact that the trial court occupies the best position from which to view the witnesses and observe their demeanor, voice inflection, gestures, eye movements, etc. Id. See, also, In re Adoption of Geis, 7th Dist. No. 05HA574,2005-Ohio-4378, ¶ 15.
 ASSIGNMENT OF ERROR {¶ 12} Appellant's sole assignment of error provides:
 {¶ 13} "THE TRIAL COURT'S DETERMINATION THAT RESPONDENT-APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE MAINTENANCE AND SUPPORT FOR THE SUBJECT CHILDREN IN THE ONE YEAR PRIOR TO THE FILING OF THE PETITION FOR ADOPTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 5 
 {¶ 14} First, appellant argues that he provided support to the child, pointing to his testimony that he provided $5 and $10 to CSEA in the two months prior to the hearing. Appellee initially responds by arguing that insignificant amounts of no substantial use should not be considered support and maintenance, especially when done merely to thwart an adoption. See Vecchi v. Thomas (1990), 67 Ohio App.3d 688, 691-691
(finding that payment of $130 in statutory period, where monthly support obligation was $100, was sufficient to avoid adoption; yet, noting in dicta that if it was found that obligor made a payment just to thwart adoption, the result might be different).
 {¶ 15} Appellant cites case law holding that even meager amounts qualify as the provision of maintenance and support for purposes of the consent for adoption statute. See, e.g., In re Hale (July 22, 1988), 11th Dist. No. 12-238 (one $50 payment sufficient to avoid adoption even though monthly obligation was over $225); In re Adoption ofSalisbury (1982), 5 Ohio App.3d 65, 67 (relatively small amount compared to monthly obligation is sufficient to avoid adoption); In re Adoptionof Anthony (1982), 5 Ohio App.3d 60, 62-63 (noting that prior statute requires non-consenting parent to "properly" support child and that current statute omitted this modifier). See, also, Celestino v.Schneider (1992), 84 Ohio App.3d 192, 196-197 (any contribution toward child support obligation counts, no matter how meager). It should also be noted that the Ohio Supreme Court has held that R.C. 3107.07(A) provides an objective, rather than a subjective, test for lack of communication by a parent so that such lack must be completely absent and so that even minimal communication suffices to avoid an adoption.In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 366.
 {¶ 16} In any event, appellee has set forth a more convincing argument here. That is, even if a paltry amount could be considered maintenance and support, the two payments here were not paid in the one-year periodimmediately preceding the adoption petition but rather were paid after such filing. Contrary to appellant's suggestion, the cases he cites supra all involve payments made before the relevant petition was filed.
 {¶ 17} The plain language of the statute requires the support to be paid in the period during the one year immediately preceding the filing of the adoption petition. *Page 6 
R.C. 3107.07(A). This cannot be read as allowing the support and maintenance requirement to be satisfied by making payments after the petition was filed. See Bovett, 33 Ohio St.3d at 104 (referring to "requisite one-year period" and highlighting statutory language regarding the one year immediately preceding the filing).
 {¶ 18} The testimony of the child's mother and step-father is that appellant failed to provide any support. He claimed that he made a $5 and a $10 payment in March and April of 2008. Even if his testimony on these recent payments is believable, his own testimony established that he failed to provide support in the twelve months prior to the February 2008 petition being filed. Thus, his argument, that he in fact provided support under the statute, fails.
 {¶ 19} Alternatively, appellant urges that even if he failed to provide support in the proper period, he had a justifiable reason for his failure. He points out his testimony that he spent time in prison and that he had a Social Security Disability appeal pending. Appellee counters that appellant's failure to provide any support in the relevant time period was unjustifiable. Appellee points to the fact that appellant lives with his mom and thus has no major living expenses, he has never paid support and thus has not been dragged down by prior child support, he was able to work after the petition was filed in order to make the two small post-petition payments, and he provided no documentary evidence that he actually had a disability appeal pending.
 {¶ 20} We conclude that the trial court's decision (that appellant lacked justifiable cause for providing no support in the one year preceding the filing) is not contrary to the manifest weight of the evidence. As appellee urges, the trial court could reasonably conclude that if appellant was able to mow grass in order to make the small payments after the petition was filed, there is no reason why he could not have performed services such as this prior to the petition being filed. In fact, he may have been doing so. His imputed income was $9,000, and he failed to testify as to what his actual income was in the relevant time period. Appellant did not even discuss his own alleged disability except to say that his appeal was pending; we only know of the allegations of ADHD and back problems due to the limited testimony of his mother, who admitted that appellant is able to mow grass and do other odd jobs. *Page 7 
 {¶ 21} Moreover, appellant lives with his mother and did so prior to his incarceration as well; thus, his living expenses are minimal. Finally, appellant was not incarcerated during any of the relevant one-year period during which he provided absolutely nothing to his daughter, support or otherwise. Although the failure to secure a job right after moving back to Ohio upon his release may be understandable for a time, the trial court could find unjustified his failure to obtain some kind of paying job or jobs by the end of the relevant one-year period. See Bovett, 33 Ohio St.3d at 105-106.
 {¶ 22} In conclusion, the trial court was in the best position to judge appellant's sincerity and that of his mother regarding his ability to pay, his job search, his disability, and his general abilities to work. The trial court found that appellee proved by clear and convincing evidence that appellant failed without justifiable cause to provide for the support and maintenance of his daughter within the one year immediately preceding the adoption petition. There is some competent, credible evidence to support that decision.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1