[Cite as *In re L.R.O.*, 2020-Ohio-3200.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

|  |  |  |
|---|---|---|
| IN THE MATTER OF: L.R.O. | : | Appellate Case No. 2019-CA-19 |
|  | : | Trial Court Case No. 18-5-11 |
|  | : |  |
| and | : |  |
|  | : |  |
|  | : |  |
| IN THE MATTER OF: C.A.O. | : | Appellate Case No. 2019-CA-20 |
|  | : | Trial Court Case No. 18-5-12 |
|  | : |  |
|  |  | (Appeal from Probate Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of June, 2020.

. . . . . . . . . . .

SCOTT A. KELLY, Atty. Reg. No. 0082280, 118 North Main Avenue, Sidney, Ohio 45365
    Attorney for Appellants

DAVID A. ROHRER, Atty. Reg. No. 0042428, 537 South Broadway, Suite 203, Greenville,
Ohio 45331
    Attorney for Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Appellants-Petitioners, the maternal grandparents of minor children L.R.O. and C.A.O. ("Grandparents"), appeal from a judgment of the Darke County Court of Common Pleas, Probate Division, which found that Mother's consent was required in their action to adopt the minor children. For the reasons that follow, the judgment of the probate court will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

## I. Facts and Procedural History

**{¶ 2}** Mother is the biological mother C.A.O. (born in December 2007) and L.R.O. (born in March 2011). In August 2012, in an action in Kenton County, Kentucky, Grandparents[1] were awarded temporary custody of the minor children. They were subsequently awarded permanent custody of the children by the same court in February 2013.

**{¶ 3}** On May 10, 2018, Grandparents filed petitions for the adoption of the two children. In the petitions, they alleged that Mother's consent to the adoption was not required because she had failed, without justifiable cause, to provide support for or to engage in more than de minimis contact with the children during the relevant statutory time period. Mother entered an appearance in the action and contested the allegations in the petitions.

**{¶ 4}** The two petitions were consolidated for a hearing conducted on June 27, 2019. Following the hearing, the probate court concluded Mother's consent was

---

[1] Grandparents are the children's maternal grandmother and her husband, who have been married since 2006.

required.    Grandparents filed a timely appeal.

## II.    Contact with Children

{¶ 5} The first assignment of error asserted by Grandparents states:

THE TRIAL COURT'S HOLDING THAT THE APPELLANTS FAILED TO PROVE LACK OF JUSTIFIABLE CAUSE FOR THE FAILURE OF RESPONDENT TO HAVE MORE THAN DE MINIMIS CONTACT WITH THE MINOR CHILDREN FOR THE ONE-YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6} Grandparents contend the evidence did not support a finding that Mother had justifiable cause for her failure to have more than de minimis contact with the children during the year prior to the filing of the petitions for adoption.

{¶ 7} Because adoption acts to permanently terminate parental rights, the written consent of a minor child's parents is ordinarily required in order to proceed with the adoption action.  *In re Adoption of A.L.S.*, 2018-Ohio-507, 106 N.E.3d 69, ¶ 13 (12th Dist.).    However, R.C. 3107.07 provides exceptions to the consent requirement. Specifically, R.C. 3107.07(A) provides that consent is not required of a parent "when it is alleged in the adoption petition and the court * * * finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

The statute is written in the disjunctive; thus, the failure without justifiable cause to provide either more than de minimis contact or maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent. *In re Crandall*, 1st Dist. Hamilton No. C-060770, 2007-Ohio-855, ¶ 10.

{¶ 8} The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that either exception applies. *In re R.L.H.*, 2d Dist. Montgomery No. 25734, 2013-Ohio-3462, ¶ 9. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 9} The Supreme Court of Ohio has set forth a two-part analysis for probate courts to employ when applying R.C. 3107.07(A). *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 23. The first step involves the factual determination of whether the parent failed to have contact or to provide support for a period of at least one year immediately preceding the filing of the adoption petition. *Id.* The probate court exercises discretion in making these determinations, and thus, an appellate court applies an abuse of discretion standard when reviewing the probate court's decision. *Id.* at ¶ 21. If the probate court finds the parent failed to provide more than de minimis contact or failed to provide for the maintenance and support of the minor, it then must determine whether justifiable cause for the failure has been proved by clear and convincing evidence. *Id.* at ¶ 23. Judgments supported by some competent,

credible evidence going to all the essential elements of the case will not be reversed on appeal. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 281, 376 N.E.2d 578 (1978).

{¶ 10} The issue before us is whether the probate court reasonably found that Mother had justifiable cause for her failure to have more than de minimis contact with her children for one year immediately preceding the filing of the adoption petition.[2] There is no dispute that Mother had only de minimis contact with the children. However, the probate court found Mother "attempted to visit with her children. [Mother] made the request, and the Court believes the request was made on multiple occasions in multiple ways." The court further found Grandparents did not permit visitation. Indeed, maternal grandmother admitted she did not permit visitation. To justify this decision, Grandparents presented the testimony of the children's therapist, who indicated she did not disagree with the decision to deny visitation. Based upon this evidence, the court found Mother had justifiable cause for having de minimis contact with the children. *See In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985), paragraph three of the syllabus; *but see In re Adoption of T.R.S.*, 7th Dist. Belmont No. 13 BE 43, 2014-Ohio-3808, ¶ 16-17 (noting that R.C. 3107.07 was amended in 2009, and the parental consent requirement is now preserved only if the parent has provided more than de minimus contact and support, and noting that significant interference, or significant discouragement, in the communication between the non-custodial parent and the child by

---

[2] R.C. 3107.07(A) provides two relevant year-long time periods: the year before the child was placed with the petitioner and the year prior to the filing of the petition. *See In re Crandall*, 1st Dist. Hamilton No. C-060770, 2007-Ohio-855, ¶ 10. In this case, the parties and the court focused on the year prior to the filing of the petition.

the custodial parent establishes justifiable cause for the non-custodial parent's failure to communicate with the child.)

{¶ 11} We cannot conclude that the probate court's judgment was unsupported by clear and convincing evidence. In reaching this conclusion, we note that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Mother repeatedly testified to her efforts to have contact with her children via mail, text messages, telephone, and Facebook Messenger. She also testified that she asked for visitation. Mother testified Grandmother would block her messages and mail from reaching the children, but did permit some interactions on Facebook Messenger during October and November 2017. The probate court was free to credit Mother's testimony that she took these actions over Grandmother's testimony to the contrary.

{¶ 12} The first assignment of error is overruled.

### III.    Support of the Children

{¶ 13} The second assignment of error is as follows:

THE TRIAL COURT'S HOLDING THAT THE APPELLANTS FAILED TO PROVE LACK OF JUSTIFIABLE CAUSE FOR THE FAILURE OF RESPONDENT TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILDREN AS REQUIRED BY LAW OR JUDICIAL DECREE FOR THE ONE-YEAR PERIOD PRIOR TO THE FILING OF THE PETITIONS FOR ADOPTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 14} Grandparents assert the probate court erred in its conclusion that Mother had justifiable cause for failing to pay support for the children.

{¶ 15} At the outset, we note the Grandparents' framing of this assignment of error is incorrect. The probate court did not address the issue of justifiable cause. Instead, the court relied upon cases in which this court indicated that any support paid by the biological parent during the relevant time period is sufficient to trigger the requirement of consent. *See*, *e.g., In re Adoption of C.L.A.*, 2d Dist. Darke No. 1366, 1995 WL 570555; *Vecchi v. Thomas*, 670 Ohio App.3d 688, 588 N.E.2d 186 (2d Dist.1990). Relying on the cited prior decisions of this court, the probate court found Mother's consent was required because she made some child support payments during the relevant time period.

{¶ 16} Since this appeal was filed, the Ohio Supreme Court has reviewed the "as required by law or judicial decree" language contained in R.C. 3107.07(A). In *In re Adoption of A.C.B.*, Ohio Slip Opinion No. 2020-Ohio-629, ___ N.E.3d ___, it interpreted that language differently than we did in our prior decisions. *A.C.B.* interprets the language as follows:

The starting point -- and because the language is clear, the ending point -- for our analysis is the text of the statute. The plain text of R.C. 3107.07(A) instructs a trial court to determine whether a natural parent provided maintenance and support "as required by law or judicial decree" for a period of at least one year immediately preceding the filing of the adoption petition. Here, the judicial decree sets forth precisely what father was required to pay: $85 per week, for a total of $4,420 over the course of a year. Father did not pay what the judicial decree required. He paid only $200 for the

entire year before stepfather filed the adoption petition. Thus, under the plain language of the statute, father did not "provide for the maintenance and support" of A.C.B. "as required by law or judicial decree" for the requisite one-year period.

*Id.* at ¶ 8.

{¶ 17} The record in this case shows Mother was ordered to make monthly support payments of $200 per child. It is undisputed Mother made no child support payments from May 10 to December 31, 2017. It is further undisputed that, between January 1 and May 10, 2018, Mother made only two payments of child support totaling $60. Mother testified her 2017 income tax refund was garnished and the $250 refund was paid as child support in 2018. However, the probate court did not credit this testimony.[3] Even assuming arguendo her tax return was paid as support, Mother paid less than ten percent of her obligation during the year preceding the filing of the petitions. Thus, the record shows Mother did not make the support payments required by the Kentucky order. Therefore, in light of the Supreme Court's holding in *In re Adoption of A.C.B.*, the probate court erred by concluding Mother had met the R.C. 3107.07(A) support requirement.

{¶ 18} Given its finding that Mother satisfied the R.C. 3107.07(A) support requirement, the probate court did not consider evidence concerning whether Mother had justifiable cause for failing to provide support as required by the child support order. Thus, this matter must be remanded to the probate court for a justifiable cause determination.

{¶ 19} The second assignment of error is sustained.

---

[3] Mother did not file an appellate brief and did not appeal the court's decision.

## IV.    Conclusion

{¶ 20} The second assignment of error being sustained, the judgment of the probate court is reversed as to the finding that Mother paid support as required by law or judicial decree.   The matter is remanded for a determination of whether Mother presented justifiable cause for failing to meet her support obligation and, in light of that determination, whether her consent to the adoption is necessary.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Scott A. Kelly
David A. Rohrer
Hon. Jason R. Aslinger