[Cite as *State v. Mroczka*, 2025-Ohio-852.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Robert G. Montogmery, P. J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024CA0056 |
| DAVID A. MROCZKA | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:  Appeal from the Richland County Court of
Common Pleas, Case No. 2024-CR-0034R

JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  March 13, 2025


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JODIE M. SCHUMACHER    STEVEN P. BILLING
Prosecuting Attorney    P.O. Box 1671
BY: MICHELLE FINK    Columbus, OH 43216
Assistant Prosecutor
18 S. Park Street, 2nd Floor
Mansfield, OH 44902

*Popham, J.,*

**{¶1}** Defendant-appellant David A. Mroczka, Jr. ["Mroczka"] appeals his sentence after a negotiated guilty plea in the Richland County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On October 1, 2023, an Ohio State Highway Patrol trooper attempted to effectuate a traffic stop of the vehicle driven by Mroczka, that was clocked traveling more than 100 mph on Interstate 71. Sent. T. at 7-8. Mroczka had a passenger in the vehicle. *Id.* The vehicle failed to stop. The Trooper activated the lights and siren of his cruiser, and a high-speed chase ensued. *Id.* The chase was captured on the cruiser's dashcam video. Sent. T. at 2; 8.

**{¶3}** The pursuit began in Morrow County on Interstate 71 and then entered Richland County. Mroczka exited the highway and tried to evade law enforcement by entering Bellville, then entered back onto the highway and continued north into Ashland County. Sent. T. at 8. Mroczka turned the headlights of the vehicle off and was weaving in and out of traffic, passing vehicles by driving on the shoulder of the roadway; ultimately, the vehicle crashed. *Id.* Fortunately, neither Mroczka nor his passenger were injured. *Id.*

**{¶4}** On January 12, 2024, the Richland County Grand Jury indicted Mroczka with Failure to Comply with an Order or a Signal of a Police Officer, causing a substantial risk of physical harm to persons or property, a felony of the third degree, in violation of R.C. 2921.331(B) / 2921.331(C)(5)(a)(ii).

**{¶5}** On June 13, 2024, a Criminal Rule 11(C) and (F) negotiated plea form signed by Mroczka, his attorney and the assistant prosecuting attorney was filed. [Docket Entry No. 19]. On that date, Mroczka entered a guilty plea as charged to the Indictment.

The trial judge ordered a Presentence Investigation Report ["PSI"], and sentencing was deferred.

{¶6} At the July 24, 2024 sentencing hearing, the trial judge noted that he watched the video of the pursuit with Mroczka, his attorney and the prosecutor. Sent. T. at 2. The judge reviewed the PSI. After hearing from Mroczka, his counsel, and the assistant prosecutor, the judge sentenced Mroczka to 30 months in prison, with two years of discretionary post-release control, and a ten-year driver's license suspension which was effective immediately.

*Assignment of Error*

{¶7} Mroczka raises one Assignment of Error,

{¶8} "I. THE TRIAL COURT ERRED IN VIOLATION OF THE SENTENCING GUIDELINES IN IMPOSING A TERM OF PRISON IN OPPOSITION TO THE RECOMMENDATION FOR COMMUNITY CONTROL SANCTIONS."

**Law and Analysis**

{¶9} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and Presentence Investigation Reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v.*

*Bonnell*, 2014-Ohio-3177, ¶ 28. Clear and convincing evidence is that evidence "which will produce in the  mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985), *superseded by statute on other grounds as stated by In re Adoption of T.R.S.,* 2014-Ohio-3808 (7th[h] Dist.), ¶¶ 16-17 *and, In re Adoption of A.L.S.,* 2018-Ohio-507 (12th Dist.), ¶ *23.* "Where the degree of proof required to sustain an issue must be clear and convincing, a  reviewing court will examine the record to determine whether the trier of facts had  sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

**{¶10}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones,* 2020-Ohio-6729, ¶ 39. In other words, R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12. *State v. Toles*, 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring).

**{¶11}** Contrary to law as defined in legal dictionaries, e.g., Black's Law Dictionary 328 (6th Ed.1990), means "in violation of statute or legal regulations at a given time." *State v. Jones*, 2020-Ohio-6729, ¶ 34. Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are reviewable.  *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

*R.C. 2929.13(C)*

**{¶12}** R.C. 2929.13(C) applies to one convicted of a third-degree felony. Mroczka pled guilty to Failure to Comply with an Order or a Signal of a Police Officer, causing a substantial risk of physical harm to persons or property, a felony of the third degree in violation of R.C. 2921.331(B) / 2921.331(C)(5)(a)(ii).

**{¶13}** The Legislature has provided no presumption either in favor of or against imprisonment upon conviction of a third-degree felony. According to R.C. 2929.13(C), when determining whether a third-degree felony warrants a prison sentence, the trial judge is to consider the seriousness and recidivism factors contained in R.C. 2929.12. As well, the trial court is to consider the purposes and principles of sentencing outlined in R.C. 2929.11.

*Purposes and Principles of Felony Sentencing - R.C. 2929.11*

**{¶14}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes, and (3) to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the trial judge shall consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). Additionally, the sentence must be "commensurate

with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

*Seriousness and Recidivism - R.C. 2929.12*

**{¶15}** R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

*R.C. 2921.331(C)(5)(b)*

**{¶16}** In addition to considering the purposes and principles of felony sentencing under- R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, R.C. 2921.331(C)(5)(b) sets forth factors a trial judge must consider when sentencing an offender for failure to comply when the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property under R.C.

2921.331(C)(5)(a)(ii). Pursuant to R.C. 2921.331(C)(5)(b), the trial judge is required to consider the following factors when determining what sentence to impose for the offense:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶17} In the case at bar, the trial judge considered the factors under R.C. 2929.11, R.C. 2929.12, and R.C. 2921.331(C)(5)(b) during the sentencing hearing. Sent. T. at 2-3. The judge noted that he reviewed the video of law enforcement's pursuit of Mroczka. The trial judge discussed on the record the duration and distance of the pursuit noting that it was twenty miles covering three separate counties with Mroczka reaching speeds over one hundred miles per hour. *Id.* at 8. The judge noted Mroczka had a passenger in

the car during the pursuit. The pursuit occurred in the darkness and Mroczka turned the headlights to his vehicle off. In his attempt to evade capture, Mroczka used the shoulder of the roadway to pass vehicles. The judge noted, "it was the worst pursuit I have seen in 30 years as an attorney and then a judge. It was awful, and so dangerous." Sent. T. at 8. The judge further commented that Mroczka had a previous fleeing and eluding that was reduced to a reckless operation. *Id.*

**{¶18}** We note that by pleading guilty to the count, Mroczka admitted that he caused a substantial risk of serious physical harm to persons or property. The trial judge did not sentence Mroczka to the maximum sentence allowed for the offense.

**{¶19}** The trial judge sentenced Mroczka to a sentence that is permissible for the felony that he had pled guilty, and Mroczka has not demonstrated that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *State v. Cottrell*, 2023-Ohio-1391, ¶ 21 (5th Dist.).

**{¶20}** Upon review, we find that the trial judge's sentencing complies with applicable rules and sentencing statutes. While Mroczka may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and not based on impermissible considerations; therefore, we have no basis for concluding that it is contrary to law. *State v. Elkins*, 2023-Ohio-1358, ¶ 22 (5th Dist.).

**{¶21}** Mroczka' sole Assignment of Error is overruled.

**{¶22}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Popham, J.,

Montgomery, P. J., and

Gormley, J., concur